IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-86-D |
| LANCE HANSON, *et al.*,[1] | ) |
| Defendants. | ) |

## **O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 36] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Mitchell finds that Defendants Lance Hansen's and Barry McLeod's Motions to Dismiss [Doc. Nos. 32 & 34] should be decided as motions for summary judgment under Fed. R. Civ. P. 56 because they rely on materials outside the Complaint, and that summary judgment is proper pursuant to 42 U.S.C. § 1997e due to Plaintiff's failure to exhaust administrative remedies for claims under 42 U.S.C. § 1983 regarding prison conditions. Judge Mitchell also finds that any claim against North Fork Correctional Facility ("NFCF") should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Finally, Judge Mitchell recommends that Plaintiff's Motion for Appointment of Counsel [Doc. No. 18] should be denied.

---

[1] Both of the individual defendants have provided in their initial filings corrected spellings of their surnames. Plaintiff does not dispute that the original spellings in the Complaint were incorrect. Thus the Court, like the magistrate judge, will retain in the caption Plaintiff's original spelling but will use a correct spelling in the body of the Order.

Plaintiff has filed a written Objection [Doc. No. 40] within the extended time period set by the Court. *See* 10/15/20 Order [Doc. No. 39]. The Court must make a de novo determination of the portions of the Report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3). Plaintiff in his Objection discusses the merits of his § 1983 claims and the summary judgment issues addressed by the R&R, that is, the requirement of administrative exhaustion and whether it should be excused. However, the Objection is silent regarding Plaintiff's request for counsel and any claim against NFCF, which is identified in the Complaint as "Sayre Correctional." To this limited extent, the Court finds that Plaintiff has waived further review, and, thus finds no need to address whether counsel should be appointed to represent Plaintiff or whether Plaintiff has stated a claim against NFCF. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Turning to the issue of exhaustion of administrative remedies for prison inmates in custody of the Oklahoma Department of Corrections ("DOC"), the Court finds no error in Judge Mitchell's findings and recommendation. The undisputed facts show that Plaintiff failed to satisfy the statutory requirement of 42 U.S.C. § 1997e(a) that he exhaust DOC's administrative remedies before bringing a § 1983 action regarding his conditions of confinement. Plaintiff does not dispute any of the relevant facts stated in the R&R. He instead cites and discusses *Ross v. Blake*, 136 S. Ct. 1850 (2016), *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010), and like cases. Plaintiff argues that an "institution can't keep inmates ignorance [sic] to grievance procedure and then fault them for not using it." *See* Obj. at 3 (ECF page numbering).

Upon *de novo* consideration, the Court is not persuaded by Plaintiff's argument. Plaintiff is correct that the Prison Litigation Reform Act or "PLRA only requires the exhaustion of 'available' administrative remedies." *See Little*, 607 F.3d at 1250. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable.'" *See id.*; *see also Ross*, 136 S. Ct. at 1860 ("when prison administrators thwart inmates from taking advantage of a grievance process . . . , such interference with an inmate's pursuit of relief renders the administrative process unavailable"). However, an inmate can properly be required to comply with the applicable procedural rules through all levels of the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010). The Tenth Circuit has made clear that an inmate "'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" *See Thomas*, 609 F.3d at 1118 (quoting *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002)).

In this case, Plaintiff did not follow DOC's grievance procedures regarding his § 1983 claims against Defendants, and he has not come forward with any facts to support a reasonable inference that prison officials interfered with his use of the administrative process such that the process was not available. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him . . . ."). The record shows that Plaintiff submitted requests to staff during his confinement at NFCF but then failed to follow DOC's grievance procedure after the requests were denied. Although

3

Plaintiff professes ignorance of what was required of him, he actually made one attempt to submit a grievance, but it was returned unanswered due to a procedural error – failure to attach a copy of the associated "request to staff" form. *See* Special Report, attach. 28 [Doc. No. 29-28]. Plaintiff then failed to correct his error, and did not properly submit any grievance.[2]

For these reasons, the Court finds that the undisputed facts show Plaintiff failed to satisfy the statutory requirement to exhaust available administrative remedies and thus Defendants Hansen and McLeod are entitled to summary judgment on Plaintiff's claims against them. Because Defendants have established their affirmative defense of failure to exhaust the administrative process, Plaintiff is barred by § 1997e(a) from pursuing his § 1983 claims. Therefore, the Court finds no error in Judge Mitchell's analysis of the administrative exhaustion issues, and fully concurs in Judge Mitchell's findings and recommendation for summary judgment in Defendants' favor.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 36] is ADOPTED in its entirety. Defendant Hansen's Motion to Dismiss [Doc. No. 32] and Defendant Barry McLeod's Motion to Dismiss [Doc. No. 34], which are decided as motions for summary judgment, are GRANTED. Further, any action against North Fork Correctional Facility is dismissed under 28 U.S.C. § 1915(e)(2)(B). A separate judgment shall be entered.

---

[2] Further, ignorance of the grievance process does not excuse an inmate's noncompliance with the exhaustion requirement. *See Beals v. Jay*, 730 F. App'x 633, 637 (10th Cir. 2018) (unpublished); *Hobbs v. Okla. State Penitentiary*, 673 F. App'x 837, 841 (10th Cir. 2016) (unpublished).

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. No. 18] is DENIED.

IT IS SO ORDERED this 17th day of November, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge